IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| EDWARD G. SMART, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 3:18-CV-89 (CAR) |
| | : | |
| ATHENA MEDICAL CLINIC & | : | |
| SLEEP MEDICINE ASSOCIATES, and | : | |
| DEEPAK K. DAS, M.D., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

*Pro se* Plaintiff Edward G. Smart has filed suit against Defendants Sleep Medicine Associates of Athens, Inc. d/b/a Athena Medical Clinic,[1] and Deepak K. Das, M.D., alleging claims of medical malpractice and slander. Defendants have filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). Because the Court lacks jurisdiction over this case, Defendants' Motion to Dismiss [Doc. 7] is **GRANTED**, and this case is hereby **DISMISSED without prejudice**.

District courts are courts of limited jurisdiction and may not hear a case where the

---

[1] Plaintiff incorrectly named Defendant as Athena Medical Clinic & Sleep Medicine Associates in the Complaint.

1

court lacks jurisdiction over the subject matter of the dispute.[2] The party bringing the claim bears the burden of establishing subject matter jurisdiction.[3] A motion to dismiss for lack of subject matter jurisdiction may be based on either a facial or factual challenge to the complaint.[4] Facial attacks require the court to accept the allegations set forth by plaintiff as true and determine from the face of the complaint whether "the plaintiff has sufficiently alleged a basis of subject matter jurisdiction."[5] "In this sense, a facial challenge equips a plaintiff with safeguards similar to those afforded by a Rule 12(b)(6) motion for failure to state a claim and limits the court to a comparable scope of review."[6] "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."[7]

Here, Defendant's Motion to Dismiss is a facial attack. Thus, the Court will accept the facts alleged in the Complaint as true and construe them in the light most favorable to Plaintiff. The specific allegations in the Complaint are unclear. It appears Plaintiff was arrested for simple assault, and Dr. Das spoke with Plaintiff's attorney, "[m]aking the

---

[2] *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005); *see also* Fed.R.Civ.P. 12(b)(1).
[3] *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).
[4] *See McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).
[5] *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), *cert. denied*, 449 U.S. 953 (1980)). "Factual attacks, on the other hand, challenge the existence of subject matter in fact irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id*. (internal quotation marks omitted).
[6] *Bailey v. Wells Fargo Bank, N.A.*, 174 F.Supp.3d 1359, 1361 (N.D. Ga. 2016) (citing *McElmurray*, 501 F.3d at 1251).
[7] Fed.R.Civ.P. 12(h)(3).

Plaintiff . . . out to be a bad or violent person."[8] Plaintiff also asserts Dr. Das caused his divorce and maliciously slandered him.[9] Plaintiff specifically alleges claims for medical malpractice and slander under Georgia law.[10]

Even under the relaxed pleading standard afforded to *pro se* litigants,[11] Plaintiff provides no basis for subject matter jurisdiction. A district court must have "at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."[12] No jurisdiction exists under a specific statutory grant. Moreover, because all parties in this case are Georgia residents, no diversity of citizenship exists.[13] Plaintiff is a resident of Athens, Georgia; Defendant Deepak K. Das, M.D. resides in Watkinsville, Georgia; and Defendant Sleep Medicine Associates is a Georgia corporation with its principal place of business in Athens, Georgia. Thus, this Court has no diversity jurisdiction.

Likewise, no federal question exists in this case. Plaintiff only asserts claims for medical malpractice and slander under Georgia law. In his response to Defendants' Motion to Dismiss, Plaintiff mentions the Federal Tort Claims Act. However, Plaintiff can

---

[8] Compl., ¶4 [Doc. 1].
[9] *Id.* at p. 2.
[10] *Id.*
[11] *See Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).
[12] *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).
[13] Under 28 U.S.C. § 1332, district courts only have jurisdiction where the civil action is between "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1).

assert no such claim because he is not suing the United States. Because Plaintiff's claims arise solely under Georgia state law, no federal question jurisdiction exists in this case.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss [Doc. 7] is **GRANTED**, and Plaintiff's Complaint [Doc. 1] is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SO ORDERED**, this 10th day of December, 2018.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT